ORIGINAL



FILED

NOV 2 6 2003

PER _____
HARRISBURG PA. DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED COMMUNICATIONS GROUP )
LIMITED PARTNERSHIP, )
    1130 Rockville Pike, Suite 1100 )
    Rockville, Maryland 20862 )
                          )
    **Plaintiff,** )
                          )
    v. )
                          )
**THE ARLINGTON GROUP,** )
    805 Sir Thomas Court )
    Harrisburg, Pennsylvania 17109 )
                          )
**REX HERBERT,** )
    4480 Olde Salem Road )
    Harrisburg, Pennsylvania 17112 )
                          )
and )
                          )
**ELAINE PLEWA,** )
    4700 Orchard Street )
    Harrisburg, Pennsylvania 17109, )
                          )
    **Defendants.** )

# 1 : CV - 03 - 2137

**Civil Action No.**

**Judge:**

**JURY TRIAL
REQUESTED**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND BREACH OF CONTRACT

United Communications Group Limited Partnership (hereinafter "UCG"), by and through its undersigned counsel, for its complaint for copyright infringement and breach of contract against The Arlington Group, Rex Herbert and Elaine Plewa (collectively "defendants"), alleges as follows:

## THE PARTIES

1.     Plaintiff UCG is a limited partnership with its principal place of business at 11300 Rockville Pike, Suite 1100, Rockville, Maryland 20862.

2.     Defendant The Arlington Group is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 805 Sir Thomas Court, Harrisburg, Pennsylvania 17109.  The Arlington Group has four additional offices located in Halifax, Newport, Mechanicsburg, and McConnellsburg, Pennsylvania 17233, and a fifth office under the name Community Imaging in Harrisburg, Pennsylvania.

3.     Defendant Rex Herbert is an individual who is a physician and the Chief Executive Officer and an employee of The Arlington Group doing business at 805 Sir Thomas Court, Harrisburg, Pennsylvania 17109, and who resides at 4480 Olde Salem Road, Harrisburg, Pennsylvania 17112.

4.     Defendant Elaine Plewa is an individual who at all times relevant to this Complaint has been an employee of, and billing manager for, The Arlington Group, and who resides at 4700 Orchard Street, Harrisburg, Pennsylvania 17109.

## JURISDICTION AND VENUE

5.     This is an action seeking damages and injunctive and other relief for copyright infringement under the Copyright Act as amended, 17 U.S.C. § 101 *et seq.,* and for breach of contract.

6.     This Court has jurisdiction over this action under the United States Judicial Code, 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and §1400(a).  Defendants reside and/or conduct business in the Commonwealth of Pennsylvania, and a substantial part of the events or omissions giving rise to the claims herein occurred and are occurring as defendants have reproduced and distributed the infringing work in this District.

## FACTS

8.    UCG publishes numerous newsletters aimed at health care practitioners, providers and their administrative staff.  Two of the newsletters published by UCG are *Part B News* and *ICD-9/CPT Coding Pro*.

9.    *Part B News* reports the latest news and changes in Medicare physician reimbursement policy, changes in Medicare Part B regulations, changes in Part B coverage, and coding and documentation policies, among other vital news and information for health care providers and their staff.  In addition to the hard copy newsletter, subscribers to *Part B News* receive personal access to *Part B News* online through a password protected website.

10.    *Part B News* is published weekly forty-eight times a year.

11.    UCG holds copyright registrations for each individual issue of *Part B News* from prior to 1999 through April 2003, and has pending applications for registration of each individual issue from May 2003 to present.

12.    *ICD-9/CPT Coding Pro*, formerly known as *Physician Practice Coder* (collectively here called *"ICD-9/CPT Coding Pro"*), provides guidance for coding physician claims filed with Medicare and private insurers, including the proper ICD-9, CPT and HCPCS codes and modifiers, coding tips, alerts on evaluation and management services and surgical procedures.

13.    *ICD-9/CPT Coding Pro* is published twenty-four times a year.

14.    UCG holds copyright registrations for *Physician Practice Coder* and *ICD-9/CPT Coding Pro* since at least as early as September 2001 through

3

September 2002, and has submitted applications for registration of each individual issue prior to that and from October 2002 to present.

15.     In both *Part B News* and *ICD-9/CPT Coding Pro*, a copyright notice clearly states UCG's ownership of the copyright in the newsletter, and that copying is prohibited unless authorized.  In the same location, readers view information about how to seek permission to make photocopy reprints and how to request multiple copy and site licenses.

16.     The Arlington Group is a health care practice that specializes in orthopedic and sports medicine.  Upon information and belief, The Arlington Group employs approximately fifty employees.

17.     On September 13, 1999 Ms. Plewa, an employee of The Arlington Group, ordered a subscription to *Part B News* at the standard single subscription rate to be sent to her at The Arlington Group address.

18.     On May 8, 2000 Ms. Plewa ordered a subscription to *ICD-9/CPT Coding Pro* (then called *Physican Practice Coder*) at the standard single subscription rate, to be sent to her at The Arlington Group address.

19.     Ms. Plewa ordered additional subscriptions to the following other UCG publications between February 2000 and November 2002:  *Coding Answer Book*; *Medicare Compliance Alert*; *HIPAA Compliance Alert*; *Coding & Billing Expert Journal*; and *Part B Answer Book*.

20.     Each subscription between Ms. Plewa and UCG constitutes an individual subscription agreement that calls for Ms. Plewa to be provided one copy of each issue of the newsletter covered by each subscription, for her own use and without any license to reproduce or distribute, and for Ms. Plewa to pay UCG according to agreed payment terms at a subscription rate based on that individual subscription.

21.     Defendants did not order a multiple copy or site license for the redistribution of any UCG publication, nor did any Defendant seek permission to make photocopy reprints or otherwise to reproduce or distribute Ms. Plewa's individual copy of any UCG publication.

22.     UCG never authorized the reproduction or distribution of its publications by The Arlington Group or any of its employees or officers, or by Rex Herbert, or by Elaine Plewa.

23.     Upon information and belief, Ms. Plewa, as billing manager for all offices of The Arlington Group, participated in the unauthorized reproduction and distribution of most or all issues of UCG publications ordered under her individual subscriptions for *Part B News* and *ICD-9/CPT Coding Pro*.

24.     Ms. Plewa designated a distribution list for those who she directed should be given separate copies of the UCG newsletters.

25.     Upon information and belief, pursuant to Ms. Plewa's direction, one or more employees of The Arlington Group reproduced the newsletters cover-to-cover on a regular basis.

26.     Upon information and belief, the unauthorized reproductions were distributed on a regular basis by one or more employees to at least ten employees through company mailboxes at The Arlington Group's principal office.

27.     Upon information and belief, employees and officers of The Arlington Group, Rex Herbert, and Elaine Plewa caused *Part B News* and *ICD-9/CPT Coding Pro*, among other publications, to be regularly reproduced and distributed at various weekly corporate compliance meetings called and presided over by Rex Herbert and attended by management and other senior level employees and/or assistants, including Ms. Plewa.

28.     Upon information and belief, employees or officers of The Arlington Group, Rex Herbert, and Elaine Plewa caused *Part B News* and *ICD-9/CPT*

*Coding Pro* to be reproduced and distributed to The Arlington Group's Community Imaging Office.

29.     Upon information and belief, Defendants infringed UCG's copyright for approximately four years by reproducing and distributing multiple issues of UCG's newsletters and publications.

30.     By these and other acts, The Arlington Group established and followed a regular practice of reproducing and distributing individual-subscription copyrighted works in which UCG owned the copyright to many employees in one office and at least one other of The Arlington Group's five offices.

31.     Such acts of infringement were conducted by Defendants with knowledge of UCG's copyright policy and with the knowledge that Defendants had not obtained rights to reproduce and distribute UCG's newsletters, including *Part B News* and *ICD-9/CPT Coding Pro*.

32.     During a corporate compliance meeting attended by Rex Herbert and Ms. Plewa, an employee of The Arlington Group requested a separate subscription to *Part B News* rather than a photocopy.

33.     That request was denied by Defendants.

34.     The reason Ms. Plewa provided for denial of the employee's request for a separate subscription rather than a photocopy was that The Arlington Group wished not to pay for additional subscriptions.

35.     Upon information and belief, Ms. Plewa, for herself and on behalf of The Arlington Group and Defendant Rex Herbert and with their knowledge and consent, ordered individual subscriptions for each newsletter with the intent to breach the single use agreement and with the intent to unlawfully reproduce and distribute the newsletters to numerous persons and entities.

36.    Upon information and belief, each copyrighted issue of *Part B News* was unlawfully reproduced and distributed at The Arlington Group during a four-year subscription period.

37.    The number of *Part B News* works infringed constitutes at least 159 copyrighted works.

38.    Upon information and belief, each copyrighted issue of *ICD-9/CPT Coding Pro* was unlawfully reproduced and distributed at The Arlington Group during a three-year subscription period.

39.    The number of *ICD-9/CPT* works infringed constitutes at least sixty copyrighted works.

40.    Around June 2003 UCG discovered and began to investigate The Arlington Group's infringing activity.  UCG contacted the Arlington Group several times, but attempts to resolve the matter directly with Elaine Plewa and Rex Herbert were unavailing.

41.    In July 2003, UCG through counsel demanded in writing that Defendants cease and desist their illegal reproduction and distribution, and compensate UCG for infringement.

42.    After September 8, 2003, The Arlington Group through counsel represented that the unauthorized copying had been stopped as of that time but failed to satisfy the other demands of UCG.

## COUNT ONE
### (Copyright Infringement Against All Defendants)

43.    UCG incorporates and realleges the allegations of paragraphs 1 through 42 as if fully set forth herein.

44.    UCG owns valid copyright registrations and/or pending applications for the newsletters *Part B News* and *ICD-9/CPT Coding Pro.*

45.    The conduct by each and all Defendants in the reproduction and distribution of UCG's newsletters, as complained of herein, infringes UCG's copyrights in and to UCG's work in violation of 17 U.S.C. §§ 101 *et seq* and is actionable as copyright infringement.

46.    At all times, Defendants Rex Herbert and The Arlington Group had the right and ability to supervise the infringing conduct of The Arlington Group and Ms. Plewa and had an obvious and direct financial interest in the unlawful reproduction and distribution of the newsletters.

47.    Defendants Rex Herbert and the Arlington Group's conduct, as complained of herein, infringes UCG's copyrights in and to UCG's work in violation of 17 U.S.C. §§ 101 *et seq* and is vicarious copyright infringement.

48.    At all times, Defendants Elaine Plewa and Rex Herbert had the requisite knowledge of the infringing activity and induced, caused or materially contributed to the infringing conduct and/or furnished copyrighted works to another who wrongfully made infringing reproductions and distributed the infringing materials.

49.    The conduct of each and both of Defendants Elaine Plewa and Rex Herbert, as complained of herein, infringes UCG's copyrights in and to UCG's work in violation of 17 U.S.C. §§ 101 *et seq* and is contributory copyright infringement.

50.    The conduct of each and all of Defendants in the unauthorized reproduction and distribution of UCG's newsletters, as complained of herein, is a willful infringement of UCG's copyright in and to the newsletters.

51.    UCG has been and will continue to be irreparably harmed by reason of such infringement.

52.    Defendants are liable to UCG for statutory damages for willful infringement pursuant to § 504(c)(2) and/or all damages flowing from such

infringement and the infringers' profits pursuant to § 504(a)(1) of the Copyright Act.

53.　　To prevent further infringement by defendants of UCG's copyrights in the newsletters, and to prevent the attendant irreparable harm to UCG, an injunction should issue restraining defendants, and all persons acting in concert with defendants, from engaging in further such acts in violation of the copyright laws pursuant to § 502 of the Copyright Act.

## COUNT TWO
### (Breach of Contract Against Elaine Plewa)

54.　　UCG incorporates and realleges the allegations of paragraphs 1 through 53 as if fully set forth herein.

55.　　Defendant Elaine Plewa ordered subscriptions to *Part B News* and *ICD-9/CPT Coding Pro*, according to an agreement whose terms were for UCG to provide one copy of newsletter for the subscription period and for Ms. Plewa to pay for the subscription at the single subscription rate and not to reproduce or distribute unauthorized copies of the single copy of each issue provided under the subscription.

56.　　UCG performed all obligations under the subscription agreements with Ms. Plewa.

57.　　Defendant Elaine Plewa intentionally and unlawfully caused and permitted the unauthorized reproduction and distribution of UCG's copyrighted works repeatedly and in multiple copies.

58.　　Defendant Elaine Plewa is in breach of the subscription contracts between Defendant and UCG.

59.　　As a result of Defendant Elaine Plewa's breach of contract UCG has been damaged by loss of gains, profits or advantages derived by Ms. Plewa from her violation of UCG's rights.

# PRAYER FOR RELIEF

WHEREFORE, UCG prays that the Court enter orders as follows:

(A) Enjoining, on a preliminary and permanent basis, defendants and all persons acting for, with, by, through or under them, from:

   1. Reproducing and distributing in any manner any newsletter owned by UCG without prior authorization in writing;

   2. Further acts of copying, creating derivative works, displaying, selling or otherwise infringing copyrighted works of UCG.

(B) Requiring that defendants provide UCG with an accounting of all employees, offices, divisions, locations, or any other person or entity to whom defendants have reproduced and distributed UCG publications.

(C) Awarding plaintiff UCG statutory damages to be paid by defendants of $150,000 for each infringed work on which an action may lie, including each issue subscribed to and reproduced and distributed through the date of award and such other infringement to be established, as damages for each of defendants' violations of UCG's right to reproduction and distribution of its copyrighted work pursuant to 17 U.S.C. § 504.

(D) Requiring that defendants pay to UCG: (1) all gains, profits, or advantages derived by defendants from the violation of UCG's rights; and (2) such damages as plaintiff UCG has sustained in consequence of such violations in connection with the unauthorized reproduction and distribution of UCG's newsletters pursuant to 17 U.S.C. § 504.

(E) Awarding UCG its reasonable attorneys' fees and costs incurred in this action pursuant to 17 U.S.C. § 505.

(F) Requiring that defendants file with the Court and serve on counsel for UCG no later than thirty (30) days after entry of judgment an affidavit setting forth in

detail the manner and form in which defendants have complied with the

requirements of the Injunction and Order; and

(G) Requiring that defendants be jointly and severally liable for such relief;

(H) Requiring Elaine Plewa to pay damages for breach of contract;

(I)  Entering judgment against the defendants on such orders; and

(J)  Awarding to plaintiff UCG such other and further relief as the Court deems

just and proper.


Plaintiff demands a jury trial as to all claims triable by jury.



Respectfully submitted,

Harvey Freedenberg, Esq.
McNees Wallace & Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, Pennsylvania 17108-1166
Phone: (717) 232-8000

Roger A. Klein, Esq.
Karen M. Lockwood, Esq.
Stacey H. King, Esq.
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, NW
Washington, D.C.  20004-2402
Phone: (202) 783-0800

Attorneys for Plaintiff
United Communications Group Limited
Partnership

Dated:  November 26, 2003

11

Wed Nov 26 10:32:44 2003

UNITED STATES DISTRICT COURT

SCRANTON         , PA

Receipt No.    111 139950
Cashier        jill

Check Number:  126045

D0 Code     Div No
4667          1

Sub Acct Type Tender      Amount
0:510000  N      2         90.00
1:086900  N      2         60.00

Total Amount          $   150.00

MCNEES WALLACE & NURICK P.O. BOX 116
6 HBG., PA 17108

FILING FEE FOR COMPLAINT IN CV-03-21
37

cn